UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA HIRSCH,

    Petitioner,

v.                                            CASE NO. 6:05-cv-0749-Orl-31KRS

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS, *et al.*,

    Respondent.

## **ORDER**

This case is before the Court on the following matters:

(1)    Petitioner's Motion for Extension of Time (Doc. No. 26, filed October 5, 2006).

(2)    Petitioner's Application for Certificate of Appealability (Doc. No. 28, filed October 10, 2006), which is inferred from Petitioner's Notice of Appeal (Doc. No. 27, filed October 6, 2006).

Under the applicable statute, this Court should grant an application for a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In this case, Petitioner's § 2254 petition was dismissed on procedural grounds; therefore, a certificate of appealability should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner has not satisfied her obligation under *Slack*.

Thereon it is **ORDERED** that Petitioner's Application for Certificate of Appealability (Doc. No. 27, filed October 10, 2006), is **DENIED**. Petitioner's Motion for Extension of Time to File a Notice of Appeal (Doc. No. 26, filed October 5, 2006) also is **DENIED**.[1]

**DONE AND ORDERED** at Orlando, Florida this 17th day of October, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 10/17
Patricia Hirsch
Counsel of Record

---

[1] Petitioner moves for an extension of time to file a Notice of Appeal to give her an opportunity to conduct legal research and to file a "'Motion for Relief from Judgment' under Fed. R. Civ. P. 60." (Doc. No. 26). Granting Petitioner's request for an extension of time will not impact her ability to file a motion for relief under Rule 60(b); thus, it does not provide the requisite "good cause" for granting an extension of time. Fed. R. App. P. 4(a)(5). In any case, Petitioner's motion for extension of time is moot in that she did file a timely notice of appeal. (Doc. No. 27).